In the Matter of the Petition of

# PAUL BROTHERS, INC.,
*Petitioner,*

*v.*

The filings of the
## NATIONAL COUNCIL ON
## COMPENSATION INSURANCE
and Liberty Northwest Insurance Corporation,
*Respondents.*

(89-08-045; CA A69352)

840 P2d 743

Philip F. Schuster, Portland, argued the cause for petitioner. With him on the brief was Roger F. Dierking, Portland.

Peter A. Ozanne, Portland, argued the cause for respondent National Council on Compensation Insurance. With him on the brief were Robert E. Joseph and Schwabe, Williamson & Wyatt, Portland.

Thomas H. Johnson, Portland, argued the cause and filed the brief for respondent Liberty Northwest Insurance Corporation.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for Department of Insurance and Finance. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Petitioner Paul Brothers, Inc. (employer) seeks review of the Department of Insurance and Finance (DIF) order upholding respondent Liberty Northwest's (Liberty) premium audit.[1] Employer argues that, for April 1, 1988, through April 1, 1989, Liberty erroneously included vacation pay in its calculation of employer's payroll. We affirm.

In September, 1989, pursuant to ORS 737.318, Liberty sent a final premium audit to employer assessing additional workers' compensation insurance premiums for the period in issue. Employer filed a petition with DIF seeking review of the assessment. After a hearing, DIF issued an order upholding the assessment. Employer seeks review of that order.

Employer is an Oregon corporation that does work as a subcontractor for the state and federal government. Under the federal and state Davis-Bacon Acts, 40 USC § 276a, ORS 279.348 to ORS 279.365, employer is required to pay a prevailing wage rate that includes a specified fringe benefit package. It is the money paid to employees for the fringe benefit package that is the subject of this dispute. Employer assigns error to DIF's conclusion that Liberty properly included those funds as payroll in computing employer's premiums.

■ Employer first argues that DIF's conclusion that employer did not keep proper records to allow wages and vacation pay to be distinguished is not supported by substantial evidence. DIF found:

"Petitioner paid benefits directly to the employees according to the employees' election * * *. Petitioner then suggested that the employees use the funds for vacation reimbursement. During the period in dispute, petitioner did not maintain records that distinguished the amount paid as wages and the amount paid for vacation reimbursement. At a later period in time, petitioner did maintain records that

---

[1] The National Council on Compensation Insurance (NCCI) is a respondent in this case. NCCI is a rating organization authorized to assist private insurance companies with workers' compensation insurance rates and risk classifications. *See* ORS 737.350 to ORS 737.560. Liberty conducted its audit in accordance with NCCI's guidelines. Appellant refers to both respondents in its assignments of error, but for clarity we refer only to Liberty.

distinguished these amounts, and respondent Liberty allowed the vacation amounts to be exempted from workers' compensation premium assessment."

DIF's finding is supported by substantial evidence. Liberty's auditor testified that vacation pay was not identifiable from employer's records. Furthermore, employer's records that were admitted as evidence show that vacation pay was not segregated from other fringe benefits or wages. Employer argues that it designated all of the fringe benefits as vacation pay and that that was sufficient to allow Liberty to distinguish vacation pay from wages. However, even assuming an employer's designation of all fringe benefits as vacation pay would conclusively make those benefits vacation pay, DIF found that employer did not designate all fringe benefits as vacation pay. Rather, DIF found that employer only suggested to employees that it use the money as vacation pay. That finding is also supported by substantial evidence. Employer's president testified that the company suggested to employees that the benefits be used as vacation pay, but he admitted that the employees were free to use the benefits for things other than vacation.

Employer also argues that, even if the records it supplied to the auditor did not separate vacation pay sufficiently, Liberty had a duty to investigate beyond the records and that, if Liberty had done so, it would have discovered its policy that fringe benefits be used as vacation pay. However, in view of our conclusion that DIF's finding that employer did not have such a policy is supported by substantial evidence, it is unnecessary to address this issue.

■ In its second assignment of error, employer argues that DIF erred in including the disputed funds as payroll because, as a matter of law, all Davis-Bacon Act benefits are exempt from premium assessment. However, we find no authority that, under these circumstances, DIF was required to conclude as a matter of law that all of the fringe benefits must be exempted from payroll. The pertinent statute at the time of the audit was ORS 656.005(20),[2] which defines "payroll" for purposes of a premium assessment as

---

[2] That provision was renumbered in 1990 as ORS 656.005(21). Or Laws 1990, ch 2, § 3. However, no substantive changes were made in the provision.

"a record of *wages* payable to workers for their services and includes commissions, value of exchange labor and the reasonable value of board, rent, housing, lodging or similar advantage received from the employer. However, *'payroll' does not include overtime pay, vacation pay, bonus pay, tips, amounts payable under profit-sharing agreements or bonus payments to reward workers for safe working practices.* Bonus pay is limited to payments which are not anticipated under the contract of employment and which are paid at the sole discretion of the employer. The exclusion from payroll of bonus payments to reward workers for safe working practices is only for the purpose of calculations based on payroll to determine premium for workers' compensation insurance, and does not affect any other calculation or determination based on payroll for the purposes of this chapter." (Emphasis supplied.)

Both the federal and state acts define "wages" to include fringe benefits. 40 USC § 276a(b); ORS 279.348(1). Accordingly, the fringe benefits are included as payroll, unless they are exempted under ORS 656.005(20). Although subsection (20) exempts some fringe benefits, such as vacation pay, it does not exempt all fringe benefits. Because vacation pay was not segregated from other fringe benefits, DIF did not err in concluding that Liberty could properly include all fringe benefits in employer's payroll.

Employer also argues that Liberty's policy of including Davis-Bacon fringe benefits in payroll if they are paid directly to employees, but not assessing them if they are paid to third party trust funds, violates the insurance anti-discrimination statutes. ORS 737.310; ORS 746.015. In addition, employer argues that the policy violates Article I, section 20, of the Oregon Constitution and the Fourteenth Amendment. DIF did not address those issues, because it found that Liberty does not have such a policy. We conclude that DIF's finding is supported by substantial evidence. The evidence shows that Liberty's policy was to include Davis-Bacon fringe benefits in payroll whether they are paid directly to the employees or to third-party trust funds. Because of DIF's finding, it did not err in failing to address those arguments, and it is also unnecessary for us to do so.

Affirmed.